IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02578-PAB-SKC

JASON BROOKS,

        Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

**ORDER RE: DEFENDANTS' MOTIONS TO COMPEL [#52 & #55] AND MOTION TO AMEND THE SCHEDULING ORDER [#66]**

In October 2016, Plaintiff Jason Brooks, while incarcerated, injured his right knee. [#28 at ¶1.] After anti-inflammatories were unsuccessful, he submitted a request to see a doctor. [*Id.* at ¶3.] Dr. Tiona evaluated Brooks on several occasions; however, she did not order an MRI, instead treating Brooks with a steroid injection and rehabilitative exercises.[1] [*Id.* at ¶¶8-9, 15.] The Amended Complaint alleges Dr. Tiona failed to request an MRI because of a contract between the Colorado Department of Corrections ("CDOC") and Correctional Heath Partners ("CHP") which requires medical providers to pursue "conservative therapy" before requesting an MRI. [*Id.* at ¶¶9-15.] Brooks asserts Dr. Tiona was deliberately indifferent to his serious medical need in violation of the Eighth

---

[1] When Dr. Tiona ultimately ordered an MRI, it revealed a sprain of the ACL, a ligament tear, and degenerative arthritis. [*Id.* at ¶21.] Brooks had arthroscopic surgery to repair the tear; however, according to a medical specialist, he will ultimately need knee replacement surgery. [*Id.* at ¶25.]

1

Amendment.[2] [#28.] He also contends CHP and Jeff Archambeau (collectively "CHP Defendants") engaged in a civil conspiracy to deprive Brooks of adequate medical care and to incentivize cost savings over the health and well-being of inmates in the CDOC. [#31.]

The parties commenced discovery in October 2019 [#45] and were granted multiple extensions of the discovery deadlines. [#48, #54.] In the wake of the COVID-19 outbreak, the discovery process has apparently come to a complete standstill, on account of closures, difficulties communicating, difficulties obtaining documents, and Brooks' limited access to the correctional facility's law library. [#50, #59.] The CHP Defendants and Dr. Tiona filed respective motions to compel discovery responses from Brooks, stating he failed to timely respond to their written discovery requests [#52, #55]. Thereafter, Brooks filed an untimely Response. [#59.] In addition, the Defendants have requested the discovery deadlines be extended to allow the parties to finish discovery. [#66.] For the following reasons the Court **GRANTS** these motions.

## STANDARDS OF REVIEW

The scope of discovery in federal court is broad. Federal Rule of Civil Procedure 26 permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, while the proportional needs of the case serve as guardrails for further reasonably tailoring the scope of discovery. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling…production" if the other party fails to

---

[2] Brooks' remaining claims against Dr. Tiona have been dismissed. [#40]

2

produce requested information. Fed. R. Civ. P. 37(a)(3)(B). The moving party bears the burden of proof. *EchoStar Commc'ns. Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998). The moving party must prove the opposing party's responses are incomplete. *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976); *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007). Additionally, when the relevance of a discovery request is not apparent on the face of the request, the proponent bears the burden of making an initial showing of relevance. *See Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007).

## ANALYSIS

### A. Motions to Compel

On October 24, 2019, the CHP Defendants sent Brooks their first set of written discovery requests, consisting of interrogatories and requests for production of documents. [#52.] Following an inquiry from CHP's counsel, Brooks sent a letter on January 12, 2020, stating the discovery requests had been "lost," "destroyed," and/or "mysteriously disappeared." [#52-4.] CHP Defendants re-served the discovery requests on January 27, 2020, making the responses due on or about March 1, 2020. [#52.] Brooks again did not answer the discovery requests. The CHP Defendants filed their Motion to Compel on March 27, 2020.

Similarly, on March 5, 2020, Dr. Tiona sent Brooks her first set of written discovery. [#55.] The answers to the interrogatories and requests for production were due on April 6, 2020. After Brooks failed to respond, defense counsel sent a letter to Brooks regarding the outstanding discovery requests. [#55-1.] On April 26, 2020, Brooks sent defense counsel a letter stating his access to legal services at Sterling Correctional Facility was

curtailed, making litigation "nearly impossible." [#55-2.] He also informed counsel he did not intend to respond to Dr. Tiona's discovery unless certain CDOC policies were eliminated. [*Id.*] Dr. Tiona filed her Motion to Compel on May 13, 2020. The responses to these motions were due on April 20 and June 3, 2020, respectively. Brooks did not respond to these motions until after the Defendants filed Notices regarding his failure to respond. [#59.]

In his Response, Brooks does not offer substantive challenges to the Motions to Compel. He does not argue the discovery requests are irrelevant or overly broad; rather, he states Sterling Correctional Facility ("SCF" where he is currently housed) has experienced a large outbreak of COVID-19 and he was diagnosed with COVID-19 on May 21, 2020. He alleges on March 25, 2020, SCF went into "lockdown" and his library access was suspended. According to Brooks, the only way inmates can receive legal research is sending a request for these materials through the prison mail system. In addition, Brooks cites SCF's "arbitrary" copying policy as preventing him from submitting copies to the Court and contends that being forced to handwrite his legal filings is "unnecessarily draconian." Brooks also filed a Response [#65] to Dr. Tiona's Status Report [#64]. Therein, he states he cannot be expected to proceed without access to "thousands of hours of drafted documents" currently saved on the SCF library computers. He concludes by stating discovery will have to be stayed indefinitely unless the CDOC's obstructions cease. The Court is not persuaded by these descriptions of Brooks' circumstances.

First, although Brooks has cited the outbreak of COVID-19, his diagnosis, and his limited access to the library, none of these reasons explain why Brooks was unable complete the discovery requests at the time they were due. The lockdown regarding

4

COVID-19 began March 25, 2020. His CHP discovery responses were due before then. Further, according to the library records, Brooks continued to access the library multiple times from the beginning of March 2020 until the library's physical closure on April 15, 2020. [#64-4.] During this time, Brooks would presumably have had access to the library computers and his written documents. Given that Brooks' arguments are only relevant to a time after his responses were already due, the Court concludes the Defendants' Motions should be GRANTED on this basis alone.

Even considering Brooks' remaining arguments regarding copies, library and computer access, and the necessity of handwriting, the Court still concludes Brooks must respond to Defendants' written discovery requests to the best of his ability.

It is well-established that a prison inmate has a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right to access the courts "is 'only [the right] to present ... grievances to the courts,' and does not require prison administrators to supply resources guaranteeing inmates' ability 'to litigate effectively once in court' or to 'conduct generalized research.'" *Brooks v. Colorado Department of Corrections*, 730 F. App'x, 628, 632 (10th Cir. 2018) (quoting *Lewis v. Casey*, 518 U.S. 343, 354, 60 (1996)). Furthermore, "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when ... there are suitable alternatives." *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980).

In his Responses, Brooks contends the CDOC's photocopy and printing restrictions are arbitrary and obstructive and that the legal access provided by the CDOC is a sham. [#65 at p.3.] What he does not do, however, is offer specific facts demonstrating he has suffered a First Amendment violation. Although he generally

5

alleges he has no reasonable access to copies, Brooks fails to elucidate on what "reasonable" means. He has not stated why his requests for copies were denied, nor has he described SCF's specific copy limitations. He also has not stated whether he had the financial resources to pay for these copies and printings, or what particular filings or discovery responses he was prevented from finishing. To be sure, in his Notice of First Amendment Obstructions, Brooks specifically stated he would not "reassert arguments explaining how and why the Defendants legal access policies violate his First Amendment rights." [#49 at p.1.]

This particular strategy is problematic because "as Brooks knows from [the Tenth Circuit's decisions] in his …appeal[s], to state a claim for denial of the constitutional right of access to the courts he [is] required to allege more than that the prison library or legal access policies are 'subpar in some theoretical sense.'" *Brooks v. Colorado Department of Corrections*, 762 F. App'x 551, 558 (10th Cir. 2019) (citing *Brooks*, 730 F. App'x at 631-32). Without more, the Court concludes Brooks' arguments regarding the printing and copying policies are too vague to establish any First Amendment violation and do not justify his failure to respond to discovery.

With respect to handwriting his papers, Brooks, citing *Johnson v. Parke*, 642 F.2d 377, 379-80 (10th Cir. 1981) (per curiam), argues being forced to handwrite motions is "needlessly draconian." This is an inaccurate and overly broad reading of *Johnson*. In that case, the Tenth Circuit found a blanket denial of required copies despite an inmate's offer to pay, to be unconstitutional "to the degree that it makes it very difficult or impossible for an inmate to satisfy the filing requirements of the federal courts." *Id.* at 380. Again, because Brooks has not specifically alleged the circumstance underlying SCF's limitation

6

on his copies and printing, or that he had money and was willing to pay for copies but was denied, *Johnson* is inapplicable.

Further, the issue here is not the filing of multiple <u>court-required</u> copies, nor does this Court require Brooks' submissions to be typewritten. *See Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006) (handwriting copies of court documents is a reasonable alternative to photocopying court documents when a court does not require typed documents). The issue in this instance is answering discovery. If Brooks is concerned about the monetary implications of making multiple copies or worries about writing out multiple copies of his discovery answers, the Court can alleviate that concern. Brooks may file any discovery responses or other documents requiring multiple copies with the Court as a way of serving all the Defendants without the necessity of photocopies, multiple printings, or sending correspondence to the Defendants individually.

The Court finds Brooks' other arguments to be similarly deficient. Although Brooks protests his current library access, it is clear he is not being denied all access to the library. Rather, he simply would like improved access. "[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (citation omitted).[3] And with respect to accessing his documents currently saved on the library computers, it is clear correctional facility librarians and staff are able to review

---

[3] In passing, Brooks argues it is unconstitutional to require inmates to request needed materials by exact citation. But his caselaw support for this proposition is from another district, and Brooks has not alleged he is required to do that in this instance. The Court has reviewed the Administrative Regulation governing legal access and could find no indication the CDOC has such a stringent requirement.

materials saved on these computers and print those documents that comply with the Legal Access Program Policy. Colorado Department of Corrections AR 750-01 at p.18 ("The facility assistant will review the documents before printing to ensure they comply with program policy,"); *see also Brooks*, 730 F. App'x. at 629. Brooks has neither alleged he requested these materials be printed for him, nor that the facility has a blanket denial policy for such requests.

With respect to the interrogatories, much of the information requested concerns facts that should be within Brooks' personal knowledge. He should answer these interrogatories to the best of his ability. If he is unable to access any of his documentary evidence due to limited library access, or is unable to copy his documentary evidence in response to the requests for production, he should describe where the materials are located and describe them and their contents with specificity.

For the foregoing reasons, the CHP Defendants' and Dr. Tiona's Motions to Compel are GRANTED. Brooks shall file his responses to the written discovery requests on or before January 1, 2021. The Court informs Brooks that should he continue to decline participation in the discovery process, he risks having his case dismissed for failure to prosecute.

**B.    Motion to Amend Deadlines**

The Defendants jointly request the remaining deadlines in this case be amended. Given the Court's above Order, the Motion is GRANTED. The discovery and pretrial deadlines are amended as follows:

- Affirmative Expert Disclosures are due February 1, 2021

- Rebuttal Expert Disclosures are due March 1, 2021

- Written Discovery Deadline is extended to March 26, 2021
- Discovery Cut-off is extended to April 26, 2021
- Dispositive Motions are due May 28, 2021
- The Final Pretrial Conference is RESET for July 28, 2021 at 9:30 AM.

\* \* \*

For the foregoing reasons, the CHP Defendants' and Dr. Tiona's Motions to Compel are GRANTED. Mr. Brooks shall have until January 1, 2021, to respond to the written discovery requests.

IT IS FURTHER ORDERED the deadlines in this case are amended as stated above.

IT IS FURTHER ORDERED Mr. Brooks, his counselor, and/or the individual responsible for scheduling shall arrange for Mr. Brooks' telephonic participation in the Final Pretrial Conference by calling 303.335.2124 at the scheduled time.

DATED: November 17, 2020.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

9