IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02578-PAB-SKC

JASON BROOKS,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JOHN DOE, M.D., President and CEO of Correctional Health Partners, and
SUSAN TIONA, M.D., CDOC Chief Medical Officer,

    Defendants.

# ORDER

    This matter is before the Court on Plaintiff's Objections to Magistrates [sic] Order re: Motions to Modify Discovery Schedule and Stay of Summary Judgment Briefing [Dkt. 116] [Docket No. 117]. On October 22, 2021, Magistrate Judge S. Kato Crews issued an order, Docket No. 116, denying Plaintiff's Request to Modify Discovery Schedule and Intent to Request Leave to File Amended Complaint, Docket No. 96, and plaintiff's Request for Ruling on Modification of Discovery Schedule and Stay of Summary Judgment. Docket No. 110. Plaintiff timely objected to the magistrate judge's order, Docket No. 117, to which defendants Correctional Health Partners and John Doe, M.D. (collectively "CHP defendants"), responded. Docket No. 120.

    The Court assumes the parties' familiarity with the facts and procedural history of this dispute, which have been recounted in previous orders and will not be repeated here except as necessary to resolve plaintiff's objections. *See, e.g.*, Docket Nos. 68,

93. The present dispute involves four issues: (1) plaintiff's request to possibly file an amended complaint; (2) plaintiff's concern that the CHP defendants have not produced "MRI adjudication policies" or "Utilization Management" program documents in discovery; (3) plaintiff's request to "correct his deposition testimony" and claim that the deposition transcription company did not provide a copy of his deposition; and (4) plaintiff's request to amend the scheduling order and stay summary judgment deadlines.  Docket No. 96 at 1–3; Docket No. 110 at 1–3.

"Timely objections to magistrate judge recommendations are reviewed *de novo* pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."  *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010). However, when reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").  Because plaintiff's motions concern non-dispositive issues, the Court reviews the magistrate judge's order for clear error.

The magistrate judge first considered plaintiff's request to amend his complaint. *See* Docket No. 116 at 1 n.1.  In plaintiff's motion, plaintiff states that he "will request leave to amend" his complaint based on "recently discovered" information that

"[d]efendant Tiona was negligent *de facto* in treating [p]laintiff's injury." Docket No. 96 at 2. Plaintiff claims that, after he received certain information from defendants, he learned that "[d]efendants . . . breached their own [c]ontract in treating [p]laintiff." *Id.* The magistrate judge determined that plaintiff's request did not comply with the Local Rules because plaintiff did not include a copy of his proposed amended complaint and *pro se* litigants must follow the same rules as other litigants. Docket No. 116 n.1 (citing D.C.COLO.LCivR 15.1(b); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that *pro se* litigants must "follow the same rules of procedure that govern other litigants.")). In his objections, plaintiff states that he could not provide a proposed pleading until the magistrate judge resolved various discovery and scheduling disputes. Docket No. 117 at 1–2.

Given the requirement in the Local Rules that "[a] party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading," *see* D.C.COLO.LCivR 15.1(b), the Court finds no error in the magistrate judge's determination that it was not possible to "preemptively give [p]laintiff permission to amend his pleading without a motion that both complies with the rules and addresses the applicable standards governing amendment." *See* Docket No. 116 at 1 n.1. Although plaintiff appears to address some of these standards in his objections, *see* Docket No. 117 at 4–6, the Court does not consider these arguments because they were not raised in plaintiff's original motion. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see*

*also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Finding no error in the magistrate judge's order, the Court will overrule this objection.

As to plaintiff's concern that he has not received the CHP defendants' MRI adjudication policies, *see* Docket No. 96 at 1–2, the magistrate judge noted that the CHP defendants "contend they have provided [p]laintiff with the applicable guidelines and responsive documents used in determining whether an MRI is necessary" and that "there is no document or set of policies titled, or which constitute, 'Utilization Management Policies.'" Docket No. 116 at 2. The magistrate judge explained that, although Federal Rule of Civil Procedure 34 "imposes a duty on the responding party to produce documents that are in the 'possession, custody or control of the party,'" *id.* (quoting Fed. R. Civ. P. 34), "[i]t is well-settled that a responding party's obligations under Rule 34 do not extend to nonexistent materials." *Id.* (quoting *Cartel Asset Mgmt. v. Ocwen Financial Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010), citing *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2009 WL 924434, *2 (D. Colo. 2009) ("if a requested document is not in the possession of a party or non-party, such person need not create the nonexistent document")). The magistrate judge found that plaintiff "has not presented sufficient evidence to lead the Court to question the veracity of [d]efendants' statements that there are no further responsive documents." *Id.* at 3.

In his objections, plaintiff repeats his argument that there must be "MRI adjudication or Utilization Management . . . policies" because the contract between CHP

and the Colorado Department of Corrections ("CDOC") mentions a "Utilization Management Program."  Docket No. 117 at 2 (citing Docket No. 96 at 5–8).  The contract between CHP and CDOC that plaintiff attached to his motion states, in part, that "[t]he Contractor shall establish, implement and maintain Utilization Management (UM) policies and procedures."  See Docket No. 96 at 7.  However, the magistrate judge found, and the CHP defendants explain in response to plaintiff's objections, that all responsive documents have been provided to plaintiff and that there are no additional responsive documents.  See Docket No. 120 at 4–6.  Although plaintiff may disagree with the magistrate judge and the CHP defendants, plaintiff has identified no error in the magistrate judge's conclusion, and the Court finds none.  The Court will therefore overrule this objection.

Plaintiff argues in his motion that he "requested the ability to correct his deposition testimony"; however, the deposition transcription company "did *NOT* provide a copy of the deposition."  Docket No. 96 at 2.  The magistrate judge concluded that, notwithstanding plaintiff's *in forma pauperis* status, "he is not entitled to cost-free discovery in this action."  Docket No. 116 at 3 (citing *Milligan v. Reed*, No. 06-cv-00911-WYD-MJW, 2009 WL 1636957, at *1 (D. Colo. June 11, 2009) (inmate had "no right to obtain documents through discovery free of charge . . . his status as an *in forma pauperis* litigant notwithstanding"); *Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. Oct. 19, 2010) (unpublished) ("the *in forma pauperis* statute makes no provision for litigation expenses other than the reproduction of the record and [certain] transcripts [not those applicable here].")).  The magistrate judge also concluded that the Federal

5

Rules of Civil Procedure do not "entitl[e] an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition." *Id.* at 4 (quoting *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997)).

In his objections, plaintiff argues that he had no ability to view and correct his deposition transcript pursuant to Rule 30(e). Docket No. 117 at 2–3. Plaintiff does not indicate what he wishes to correct about his testimony. *See* Docket Nos. 96, 117. Plaintiff relies on *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008). *See* Docket No. 117 at 3. However, in that case, the court explained that "[t]he general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court." *Schroer*, 250 F.R.D. at 537. Plaintiff's reliance on *Schroer* is, therefore, misplaced.

Moreover, the Tenth Circuit has explained that "[t]here is no statutory requirement that the [opposing party] provide a litigant proceeding in forma pauperis with a copy of his deposition transcript." *Burns v. Gray*, 106 F.3d 413 (10th Cir. 1997) (unpublished table decision); *see also In re Nitka*, 2020 WL 4218823, at *7 (10th Cir. BAP (Colo.) July 23, 2020) (noting that Rule 30 provides, "[u]nless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." (emphasis omitted)), *aff'd*, 857 F. App'x 965 (10th Cir. 2021); *see also Ankeney v. Creany*, No. 09-cv-02085-WJM-MJW,

2011 WL 7094380, at *3 (D. Colo. June 30, 2011) (citing *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (explaining that a litigant "has no right to obtain documents [including transcripts] through discovery free of charge . . . , his status as an *in forma pauperis* litigant notwithstanding")), *report and recommendation adopted sub nom. Ankeney v. Zavaras*, 2012 WL 224441 (D. Colo. Jan. 25, 2012), *aff'd*, 524 F. App'x 454 (10th Cir. 2013). The Court finds no clear error in the magistrate judge's decision on this matter and overrules plaintiff's objection.

Finally, plaintiff requests modification of the scheduling order, including an extension of the discovery and dispositive motions deadlines. Docket No. 96 at 4; Docket No. 110 at 1–2. Plaintiff's requests appear to be moot. Defendants filed motions for summary judgment on August 26, 2021, Docket No. 105 (Dr. Tiona's motion), and on August 30, 2021. Docket No. 108 (CHP defendants' motion). The magistrate judge permitted plaintiff until December 1, 2021 to respond to those motions and to file his own summary judgment motion. Docket No. 116 at 6. Plaintiff responded to Dr. Tiona's motion on November 20, 2021, Docket No. 129, and responded to the CHP defendants' motion on November 17, 2021. Docket No. 127. Because plaintiff timely responded to defendants' motions, plaintiff's extension request is moot. Plaintiff has identified no clear error in the magistrate judge granting this extension request, and the Court finds none. The Court therefore overrules plaintiff's objections on this issue.

For the foregoing reasons, it is

**ORDERED** that the Plaintiff's Objections to Magistrates [sic] Order re: Motions to

Modify Discovery Schedule and Stay of Summary Judgment Briefing [Dkt. 116] [Docket No. 117] is **OVERRULED**.

DATED January 24, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge