IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02578-PAB-SKC

JASON BROOKS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

---

**RECOMMENDATION RE:**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 105]**

---

In October 2016, Plaintiff Jason Brooks injured his right knee during a Fremont Correctional Facility weightlifting competition, but he did not seek treatment at that time because he wanted to see if the injury would resolve itself. [Dkt. 105 at p.3, ¶¶3-4.] Although he was unable to perform weight-bearing exercises, run, or play basketball, he was able to walk and attend meals. [Dkt. 105-2 at pp.4-5.] On December 12, 2016, during a medical examination regarding his colitis, Brooks informed Defendant Susan Tiona, M.D., he hurt his knee and had pain when walking, standing, and changing positions. [Dkt. 105 at p.3, ¶¶6-7.] Dr. Tiona ordered an x-ray of Brooks' knee and provided him with an ace bandage and a topical anti-inflammatory pain-relieving gel. [*Id.* at ¶¶10-11.]

During a follow-up appointment on January 12, 2017, Brooks reported he still had discomfort in his knee, and Dr. Tiona treated him with a steroid injection and

rehabilitative exercises. [*Id.* at ¶¶20, 22-28.] At his visit with Dr. Tiona on February 27, 2017, Brooks stated his knee was much better since the injection and that he was able to play several hours of basketball. [*Id.* at ¶29.] However, in April 2017, Brooks returned to Dr. Tiona for another evaluation complaining his knee pain was constant and was causing significant problems. [*Id.* at ¶31.] Dr. Tiona then ordered an MRI, which revealed a small tear of the outside cartilage at the back of Brooks' knee joint, no tears on the inside cartilage, evidence of a chronic posterior cruciate ligament tear, and a large osteochrondral defect. [*Id.* at ¶32, Dkt. 105-4 at pp.24-26.] In October 2017, Brooks had arthroscopic surgery to repair the tear. [Dkt. 105-4 at pp.30-35.]

Brooks initiated this action on October 9, 2018. A single claim remains against Dr. Tiona alleging deliberate indifference to a serious medical need. [Dkt. 40.][1] Following a period of discovery, Dr. Tiona filed her Motion for Summary Judgment arguing the undisputed facts do not establish an actionable claim under the Eighth Amendment, and therefore, she is entitled to qualified immunity. [Dkt. 105.] Brooks argues Dr. Tiona's motion is "full of conclusory statements and testimony based merely on conjecture and subjective belief." [Dkt. 129.][2]

---

[1] Correctional Health Partners is also a Defendant in this case and has filed a separate motion requesting summary judgment on its behalf. [Dkt. 108.] The merits of that motion are not addressed here.

[2] Plaintiff proceeds *pro se*; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has considered the Motion and related briefing (including exhibits), the entire case file, and the applicable law. No hearing is necessary. For the following reasons, the Court RECOMMENDS the Motion be GRANTED.

**STANDARD OF REVIEW**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

**ANALYSIS**

The crux of Brooks' claim is that in waiting until April 2017 to order an MRI (as opposed to ordering it at his initial appointment), Dr. Tiona was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. He contends the delay resulted in permanent damage to his knee.

**A. The Eighth Amendment**

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate . . . medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citation omitted). The Eighth

Amendment also prohibits the "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation for "indifference . . . manifested . . . in their response to the prisoner's needs or by . . . intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014) (quoting *Estelle*).

Like other claims under the Eighth Amendment, a claim for deliberate indifference involves both an objective and a subjective component. *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005). Under the objective component, the incarcerated person must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751 (even a physician's grossly negligent medical judgment is not subject to scrutiny if the incarcerated person's need for medical treatment was not obvious) (internal quotations and citation omitted). A delay in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (quotations and citation omitted). The substantial harm requirement "may be satisfied by lifelong

handicap, permanent loss, or considerable pain." *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001) (citation omitted).

The subjective component requires a state of mind "akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations and citation omitted). Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Self*, 439 F.3d at 1231 (internal quotations omitted).

**B. Deliberate Indifference**

"Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104 (internal quotation and citation omitted). The Tenth Circuit recognizes claims for deliberate indifference when a medical professional fails to properly treat a serious medical condition. For the sake of analysis, the Court presumes Brooks' knee injury constitutes a serious medical need. And although Brooks offers only hearsay in support of his claim his injuries are permanent, in his verified First Amended Complaint (which the Court considers akin to a declaration or affidavit), Brooks

attests he still has significant pain. [Dkt. 28 at ¶26.] Thus, the Court will also assume for the sake of argument, the purported delay resulted in substantial harm.

But as mentioned above, under the subjective element, an incarcerated person must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. This Court finds Plaintiff has failed to create a disputed issue of material fact that Dr. Tiona had the requisite state of mind to satisfy the subjective prong.

When previously addressing Dr. Tiona's Motion to Dismiss, this Court took as true, as required, Plaintiff's allegations Dr. Tiona was aware of the policy requiring conservative therapies before requesting MRIs and that she failed to request an MRI because she was following the cost-saving policy. [Dkt. 34 at pp.9-11.] The Court was also guided in its analysis by Judge Martinez's holding in *Swan v. Physician Health Partners Inc.*, 212 F. Supp.3d 1000 (D. Colo. 2016), where he concluded that when a doctor denies a necessary "MRI test without making an actual medical decision and in complete disregard to Plaintiff's medical condition, then the subjective prong of the deliberate indifference test would be satisfied." *Id.* at 1008. Based on Brooks' allegations, the Court found he plausibly alleged Dr. Tiona's failure to request an MRI was independent of, and contrary to, any reasonable medical judgment because her decision was instead based upon company policy. [Dkt. 34 at pp.9-11.]

What differs here now, however, is opposing a motion for summary judgment requires more than "mere reargument of [the plaintiff's] case or a denial of an opponent's allegations." *Dodson v. Bd. Of Cty. Comm'rs*, 878 F. Supp.2d 1227, 1239

(D. Colo. 2012) (internal punctuation and citation omitted). With her Motion, Dr. Tiona (who is medical doctor board certified in family medicine) has included her declaration attesting to her care of Brooks' knee injury. She discusses her reasons for pursuing a conservative course of treatment, noting that in her medical judgment and based on current medical standards, she did not believe an MRI was necessary at Brooks' initial or follow up appointment. [Dkt. 105-4 at ¶¶1, 7-16.] She further explains that contrary to Brooks' assertion, a positive McMurray test (a diagnostic tool) does not necessitate an MRI. [*Id.* at ¶19-20.] In addition, she acknowledges she was aware of the policy outlining procedures for ordering an MRI, but attests the policy is not a substitute for a physician's judgment and that it did not influence her treatment of Brooks' injury. [*Id.* at ¶30.]

In response, Brooks insists the contrary—that Dr. Tiona was required to review the Milliman Care Guidelines in determining whether an MRI was warranted, and that she knew (based on the positive McMurray test) she was required to order an MRI but did not based on the CDOC/CHP policy. These arguments fail for multiple reasons. First, as to the use of the Milliman Care Guidelines, the meaning of a positive McMurray test, and what they do or do not necessitate, Brooks offers only his own lay opinions. He is not a medical doctor, nor does he include sworn declarations of any medical expert who would testify to these opinions or to the proper standard of care. Thus, he has not provided competent evidence in this regard to demonstrate disputed issues of material fact exist for trial. *See Bradshaw v. Nafziger*, No. 07-cv-02422-MSK-BNB, 2011 WL 863548, at *9 (D. Colo. Mar. 10, 2011) (where

prisoner plaintiff did not offer opinion testimony from qualified medical expert to discuss medical guidelines, he failed to demonstrate deliberate indifference). Second, although he argues Dr. Tiona "did not care that Brooks faced a substantial risk of harm," this is entirely speculative and conclusory and does not create a dispute of fact as to Dr. Tiona's own testimony contained in her declaration.

There is no factual dispute that Dr. Tiona's decisions were based on anything other than her medical judgment. Although it is clear Brooks disagrees with Dr. Tiona's decisions, an incarcerated person's disagreement with medical personnel over the course of his treatment does not establish a claim under the Eighth Amendment. *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

* * *

For the foregoing reasons, the Court RECOMMENDS finding there is no dispute of fact as to whether Dr. Tiona knew about and disregarded a substantial risk to Brooks' safety. It FURTHER RECOMMENDS Dr. Tiona's Motion for Summary Judgment be GRANTED and judgment be entered in her favor on Brooks' Eighth Amendment claim.[3] [Dkt. 105.]

DATED: February 28, 20221.

BY THE COURT:

[3] The Court RECOMMENDS entry of final judgment be held in abeyance pending the outcome of the Motion to Amend. [Dkt. 118.]

S. Kato Crews
United States Magistrate Judge

**The parties have 14 days after service of this recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).**