IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02578-PAB-SKC

JASON BROOKS,

 Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JOHN DOE, MD., President and CEO of Correctional Health Partners, and
SUSAN TIONA, M.D., CDOC Chief Medical Officer,

 Defendants.

**ORDER**

This matter is before the Court on the Recommendation re: Defendant's Motion for Summary Judgment [Docket No. 144]. Plaintiff objected to the recommendation, Docket No. 145, and defendant Susan Tiona, M.D. ("Dr. Tiona") responded. Docket No. 146. Plaintiff replied. Docket No. 147.

**I. BACKGROUND**[1]

In October 2016, plaintiff injured his right knee during a Fremont Correctional Facility weightlifting competition, but he did not seek treatment at that time because he

---

[1] Plaintiff does not object to the facts that follow, which the magistrate judge found undisputed. *See* Docket No. 144 at 1–2; Docket No. 145 at 1 ("The Courts [sic] summary of the events that lead [sic] to this action are properly outlined in its recommendation, so in the interest of brevity, [p]laintiff will not recite the essential facts leading to this litigation."). The Court has reviewed this non-objected to portion of the recommendation and finds no clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. The undisputed facts will not be repeated here except as necessary to resolve plaintiff's motion.

wanted to see if the injury would heal.  Docket No. 105 at 3, ¶¶ 3–4.  Although he was unable to perform weight-bearing exercises, run, or play basketball, he was able to walk and attend meals.  Docket No. 105-2 at 4–5.  On December 12, 2016, during a medical examination regarding his colitis, plaintiff informed Dr. Tiona that he hurt his knee and had pain when walking, standing, and changing positions.  Docket No. 105 at 3, ¶¶ 6–7.  Dr. Tiona ordered an X-ray of plaintiff's knee and provided him with an Ace bandage and a topical anti-inflammatory pain-relieving gel.  *Id.* at 4 ¶¶ 10–11.

During a follow-up appointment on January 12, 2017, plaintiff reported that he still had discomfort in his knee, and Dr. Tiona treated him with a steroid injection and rehabilitative exercises.  *Id.* at 5–6, ¶¶ 20, 22–28.  At his visit with Dr. Tiona on February 27, 2017, plaintiff stated that his knee was much better since the injection and that he was able to play several hours of basketball.  *Id.* at 6, ¶ 29.  However, in April 2017, plaintiff returned to Dr. Tiona for another evaluation, complaining that his knee pain was constant and was causing significant problems.  *Id.*, ¶ 31.  Dr. Tiona then ordered an MRI, which revealed a small tear of the outside cartilage at the back of plaintiff's knee joint, no tears on the inside cartilage, evidence of a chronic posterior cruciate ligament tear, and a large osteochrondral defect.  *Id.*, ¶ 32; Docket No. 105-4 at 24–26.  In October 2017, plaintiff had arthroscopic surgery to repair the tear.  Docket No. 105-4 at 30–35.

Dr. Tiona filed a motion for summary judgment on the sole remaining claim against her, which is for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  *See* Docket No. 105; Docket No. 40.  Plaintiff opposes the motion.  *See* Docket No. 129.  Magistrate Judge S. Kato Crews recommends that Dr.

Tiona's motion be granted. See Docket No. 144.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231–32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party.  *Id.* at 839–40.

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotation omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

4

## III.  ANALYSIS

Plaintiff raises two principal objections to the magistrate judge's recommendation.  First, plaintiff objects that the magistrate judge erred in concluding that plaintiff failed to identify a genuine dispute of material fact to preclude summary judgment and that there is a genuine dispute of material fact that he should have received an MRI sooner than he did.  Docket No. 145 at 3–6.  Second, plaintiff argues that the Court "abused its discretion" in denying his motion for an expert witness.  *Id.* at 5–7.

### A.  Eighth Amendment Claim

The magistrate judge characterized the "crux of [plaintiff's] claim" as that, in waiting until April 2017 to order an MRI, instead of ordering an MRI at plaintiff's initial appointment, Dr. Tiona was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  Docket No. 144 at 3.  Plaintiff purports to dispute this characterization of his claim.  He characterizes his concern as that Dr. Tiona knew that plaintiff "faced a substantial risk of harm working out on his unknown knee injury and disregarded that risk by failing to take reasonable measures to abate it" and that the evidence establishes that he suffered serious injury from Dr. Tiona's "deliberately indifferent decisions" in treating plaintiff's injury.  Docket No. 145 at 3.  The Court finds the magistrate judge's description of the claim to be accurate.  Plaintiff's claim is, essentially, that, if Dr. Tiona had ordered an MRI earlier, the MRI would have indicated more aggressive treatment, and plaintiff would not have exercised or potentially hurt his knee further.

The Eighth Amendment's prohibition on cruel and unusual punishment is

violated if a defendant's "deliberate indifference to serious medical needs . . . constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). To satisfy the subjective component, a plaintiff must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407; *see also Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The magistrate judge assumed that the purported delay in plaintiff receiving an MRI resulted in substantial harm, satisfying the objective component. Docket No. 144 at 5–6. Thus, the magistrate judge's recommendation focused only on the subjective component. *Id.* The magistrate judge noted that, in addressing Dr. Tiona's motion to

dismiss, the Court assumed as true plaintiff's well-pled allegation that Dr. Tiona was aware of Colorado Department of Correction ("CDOC") policy of requiring conservative therapies and treatments before requesting MRIs and that Dr. Tiona did not request an MRI because she was following a "cost-saving policy." *Id*. (citing Docket No. 34 at 9–11). However, the magistrate judge explained, on a motion for summary judgment, the standard is not the same, and the opponent may not simply re-argue his case or deny the movant's claims. *Id.* at 6–7 (citing *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1239 (D. Colo. 2012) ("Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. The nonmoving party's evidence must be more than mere reargument of his case or a denial of an opponent's allegation, or it will be disregarded." (quotation, alteration, and citation omitted)).

The magistrate judge concluded that, in response to Dr. Tiona's declaration on her medical judgment and treatment of plaintiff based on current medical standards, which support conservative care, plaintiff offered only his own lay opinion of when an MRI is medically necessary. *Id.* at 7. Plaintiff's opinion is based on the "Milliman Care Guidelines," which the magistrate judge explained is not "competent evidence . . . to demonstrate [that] disputed issues of material fact exist for trial." *Id.* (citing *Bradshaw v. Nafziger*, No. 07-cv-02422-MSK-BNB, 2011 WL 863548, at *9 (D. Colo. Mar. 10, 2011)). Because there was "no factual dispute that Dr. Tiona's decisions were based on anything other than her medical judgment," the magistrate judge concluded that plaintiff failed to show no genuine dispute of material fact in the subjective component of his Eighth Amendment deliberate indifference claim. *Id.* at 8.

7

Plaintiff objects that Dr. Tiona "made a custom policy decision regarding [p]laintiff's medical care, which 'is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm,'" Docket No. 145 at 3 (quoting *Self*, 439 F.3d at 1231), because she ignored "twelve separate indicators warranting an MRI for [p]laintiff on or before January 12, 2017." *Id.* The indicators that plaintiff cites were provided as an exhibit in response to Dr. Tiona's summary judgment motion. *See* Docket No. 129 at 9, ¶ 7. The indicators appear to be from a printout of a website titled "Knee MRI" and "MCG Health, Ambulatory Care." *See* Docket No. 127-5. Plaintiff's interpretation of this website, which he claims shows when a knee MRI is warranted, does not establish Dr. Tiona's state of mind or demonstrate that she consciously disregarded plaintiff's risk of serious harm when she exercised her medical judgment and reached a different conclusion than plaintiff's lay diagnosis.

Moreover, plaintiff misrepresents Dr. Tiona's motion and declaration. Three examples are illustrative. First, in support of his argument that Dr. Tiona was aware that an MRI was indicated, plaintiff asserts that Dr. Tiona understood that plaintiff's initial injury was an "acute traumatic cartilage injury." Docket No. 129 at 9, ¶ 7. Plaintiff cites Dr. Tiona's declaration. *Id.* However, Dr. Tiona described plaintiff's injury not as an "acute traumatic cartilage injury," but rather as an "uncomplicated traumatic tear[] of the cartilage," which, in her opinion, often becomes asymptomatic with conservative treatment. Docket No. 105-4 at 4, ¶ 15. Second, plaintiff claims that Dr. Tiona was aware that plaintiff's pain was unresponsive to conservative treatment. Docket No. 129 at 9, ¶ 7. Again, the portion of Dr. Tiona's declaration that plaintiff relies upon does not

8

reflect that she was aware that conservative treatment was unsuccessful. *See* Docket No. 105-4 at 3, ¶ 10. Rather, her declaration states that plaintiff's initial treatment was "typical of acute pain management for a knee injury." *Id.*

Third, plaintiff claims that Dr. Tiona was aware that X-rays did not explain plaintiff's pain. Docket No. 129 at 9, ¶ 7. Dr. Tiona's declaration, however, states that an X-ray revealed no "fracture or bony abnormality of immediate concern." Docket No. 105-4 at 3, ¶ 11. Ultimately, even if the Court found the MCG Health website printout to be competent evidence, which it does not,[2] plaintiff has not shown that Dr. Tiona "ignored" the indicators that an MRI was appropriate in plaintiff's situation. Rather, the undisputed facts indicate that Dr. Tiona at most disagreed with plaintiff's lay application of the indicators. The MCG Health website printout states that a knee MRI "may" be indicated when certain factors are present, not that an MRI is always indicated or that it is a dereliction of a doctor's duty of care not to order an MRI in such a case. *See* Docket No. 127-5 at 1. Therefore, plaintiff has not shown that a reasonable jury could find that Dr. Tiona's exercise of her medical judgment amounts a conscious disregard a

---

[2] The MCG Health document is inadmissible hearsay. *See, e.g.*, *McCleland v. Raemisch*, No. 18-cv-00233-PAB-NYW, 2021 WL 3510808, at *2 (D. Colo. Aug. 10, 2021) ("*McCleland III*") (finding medical textbook excerpts to be inadmissible hearsay in summary judgment context and that the plaintiff's interpretation of the excerpts was not competent evidence because the plaintiff had not shown that he had any medical expertise); *Mack v. Friedman*, 2008 WL 11439337, at *10 n.2 (N.D. Cal. Mar. 5, 2008). The Tenth Circuit explains that, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); *see also Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995) ("It is well settled in this circuit that we can consider only admissible evidence in reviewing . . . summary judgment."); *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1210 (10th Cir. 2010) (declining to consider hearsay statements that proponent failed to show could be presented in admissible form).

substantial risk of serious harm.

To the contrary, the undisputed facts indicate that plaintiff's injury was improving initially, that he did not seek immediate treatment when he was injured, and that Dr. Tiona treated him multiple times with some success.  *See* Docket No. 105 at 3, ¶¶ 3–4. This supports the magistrate judge's conclusion that plaintiff has failed to show any genuine factual issue regarding Dr. Tiona's state of mind or subjective view of plaintiff's injury.  For instance, on February 27, 2017, after Dr. Tiona treated plaintiff with a steroid injection on January 12, 2017, plaintiff reported that his knee was much better and that he was able to play several hours of basketball.  *Id.* at 5–6, ¶¶ 20, 22–29.  In light of this improvement, plaintiff has failed to show how a reasonable jury could find that Dr. Tiona consciously disregarded a substantial risk of serious harm to plaintiff between his first appointment and when she ultimately ordered the MRI.  For plaintiff to meet his burden in response to Dr. Tiona's motion for summary judgment, plaintiff had to show that a reasonable jury could find that Dr. Tiona acted with a "sufficiently culpable state of mind."  *See Farmer*, 511 U.S. at 834.  As the Supreme Court has noted, "simple or even heightened negligence will not suffice."  *See Brown*, 520 U.S. at 407.  On de novo review, the Court finds that plaintiff has failed to raise a genuine issue of material fact regarding Dr. Tiona's state of mind.  *See Celotex*, 477 U.S. at 322 (holding that summary judgment must enter, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").  Therefore, the Court will accept the recommendation and overrule plaintiff's objections.

### B.  Motion to Appoint Expert

The magistrate judge noted that plaintiff relied only on his own lay opinion, which was not competent evidence on the proper standard of care.  Docket No. 144 at 7 ("He is not a medical doctor, nor does he include sworn declarations of any medical expert who would testify to these opinions or to the proper standard of care.  Thus, he has not provided competent evidence in this regard to demonstrate disputed issues of material fact exist for trial." (citing *Bradshaw*, 2011 WL 863548, at *9 (granting summary judgment to defendant where plaintiff did not offer "opinion testimony by a qualified expert purporting to interpret the application of [] guidelines [that the plaintiff provided] to [the plaintiff's] situation" and finding that it was "particularly inappropriate for this Court, either of its own accord or at [the plaintiff's] lay insistence, to attempt to interpret clinical medical guidelines for treatment")).

Plaintiff objects that the magistrate judge "abused [his] discretion in denying providing appointing [sic] [p]laintiff an expert" and that the MCG Health document "speak[s] for" itself and, therefore, should be "resolved in [plaintiff's] favor."  Docket No. 145 at 5–7 ("[T]he Court should order an expert be appointed for [p]laintiff's ability to explain the MCGs, whether or not [Dr.] Tiona should have even been attempting to treat [p]laintiff's injury in the first place, and/or whether [p]laintiff had already exhausted conservative treatment prior to his being given a steroid injection.").

First, as discussed previously, the Court does not find that the MCG Health document "speak[s] for" itself or is admissible, and, while plaintiff is correct that, on summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *see Allen*, 119 F.3d at 839–40, the Court does not consider

11

inadmissible evidence.  *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016).

Second, because plaintiff did not object to the magistrate judge's order denying his

motion to appoint an expert witness, which was entered on June 1, 2021, *see* Docket

No. 93, plaintiff's belated objection is not properly before the Court.  *See* Fed. R. Civ. P.

72(a) ("A party may serve and file objections to [a non-dispositive] order within 14 days

after being served with a copy.  A party may not assign as error a defect in the order not

timely objected to.").  Plaintiff's *pro se* status does not excuse his failure to timely

object, as *pro se* litigants must follow the same procedural rules that govern other

litigants.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

      Even if plaintiff had timely objected, the Court finds no clear error in the

magistrate judge's order.  "Rule 706(a) of the Federal Rules of Evidence authorizes the

district court to appoint an expert witness."  *Patel v. United States*, 399 F. App'x 355,

359 (10th Cir. 2010) (unpublished).  However, "courts rarely exercise this power."

*Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  "[T]he purpose of Rule 706 is to

assist the court in evaluating contradictory or complex evidence or issues.  It is not

designed to aid a party's prosecution of his own case."  *McClendon v. City of*

*Albuquerque*, 2015 WL 13667177, at *4 (D.N.M. Oct. 13, 2015).  "In the absence of

'complex scientific evidence or complex issues,' the circuit courts have held that a

district court does not abuse its discretion in declining to appoint an expert pursuant to

Rule 706."  *Johnson v. Kellison*, No. 18-cv-02112-RM-KLM, 2019 WL 5894185, at 2 (D.

Colo. Nov. 8, 2019) (citing cases).

      Although the underlying issue in this case involves the adequacy of plaintiff's

medical care, which may require the use and analysis of medical records, *see, e.g.*, *McCleland v. Raemisch*, No. 18-cv-00233-PAB-NYW, 2020 WL 5793416, at *4 (D. Colo. Sept. 29, 2020) ("*McCleland I*"), *aff'd*, No. 20-1390, 2021 WL 4469947 (10th Cir. Sept. 30, 2021) ("*McCleland II*") ("If McCleland needs expert testimony to prove his claims – and he has never argued otherwise – then his failure to present expert causation testimony at summary judgment mandated judgment in defendants' favor."), the Court does not find that the issues are so complex as to require a medical expert to assist the Court, particularly where Dr. Tiona submitted her own and another physician's declaration explaining plaintiff's medical records, medical conditions, and course of treatment. *See Rachel*, 820 F.3d at 398 (holding that district court did not abuse its discretion in declining to appoint expert witness where "the nature of [the plaintiff's] underlying claim," which was a deliberate indifference in medical treatment claim, was "not sufficiently complicated to require an independent medical expert"); *see also Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (finding no error in decision to not appoint expert in medical treatment deliberate indifference case because "determining deliberate indifference was not so complicated that an expert was required to establish [the plaintiff's] case"). Plaintiff asserts that he needs an expert witness to rebut Dr. Tiona's arguments concerning the adequacy of his care, *see* Docket No. 145 at 7 ("[T]he Court should order an expert be appointed for [p]laintiff's ability to explain the MCGs."), but the Tenth Circuit has explained that "it cannot follow that a court must therefore appoint an expert under Rule 706 whenever there are allegations of medical malpractice." *Rachel*, 820 F.3d at 398; *McCleland II*, 2021 WL 4469947, at *4 ("McCleland asked the district court to appoint an expert to testify about 'the standard of

13

medical care for the treatment of hepatitis C infection,' and 'that the defendants deviated from it, [causing] damage to [his] kidneys.' The district court did not abuse its discretion in finding that this was an inappropriate use of Rule 706" because "an appointed expert's role is to assist the court, not the parties." (citation omitted)).

In *McCleland II*, the Tenth Circuit recognized that a party could file a Rule 706 motion, as plaintiff did in this case, *see* Docket No. 69, have that motion be denied, *see* Docket No. 93, and then "los[e] his case on summary judgment because he lacked expert testimony." *See McCleland II*, 2021 WL 4469947, at *5. The court explained that, "[t]he outcome is understandably upsetting," but found that there is "no incongruity." *Id.* "Rule 706 was not designed to fill in the gaps for a party who cannot find or afford an expert," and, although "the district court could use that rule to solicit an independent second opinion in a case like this (further assuming an appropriate arrangement for compensating the expert), . . . it was not an abuse of discretion to decline to do so." *Id.* The Court finds no error in the magistrate judge's denial of the appointment of an expert and will overrule plaintiff's objection.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation re: Defendant's Motion for Summary Judgment [Docket No. 144] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Objections to Magistrates' [sic] Recommendation re: Defendant's Motion for Summary Judgment [Docket No. 145] is **OVERRULED**. It is further

**ORDERED** that Defendant Susan Tiona, M.D.'s Motion for Summary Judgment [Docket No. 105] is **GRANTED**. It is further

**ORDERED** that all claims against defendant Susan Tiona, M.D. are **DISMISSED with prejudice**.

DATED March 23, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge